**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4570**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BENNIE GERARD HARRIS,

                    Defendant - Appellant.

─────────────

**No. 11-4691**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICHARD DARNELL LONG,

                    Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00108-WO-1; 1:10-cr-00108-WO-3)

─────────────

Submitted:  November 22, 2011      Decided:  December 15, 2011

─────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael B. Driver, Durham, North Carolina; Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellants. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bennie Gerard Harris and Richard Darnell Long appeal the sentences stemming from their convictions for possession with intent to distribute 132.7 grams of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (2006). Their sole assertion on appeal is that they should have been sentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220 (the "FSA"), and they have filed an unopposed motion to remand their cases so that the district court may do so. Based on our consideration of the materials submitted in this appeal, we affirm both Harris' and Long's convictions, grant their unopposed motion to remand, vacate the sentences, and remand these cases to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to defendants like Harris and Long, whose offenses were committed prior to August 3, 2010, the effective date of the Act, but who were sentenced after that date. We leave that determination in the first instance to the district court.[*] We dispense with oral argument because the

---

[*] We note that at the Defendants' sentencing hearings, counsel unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it (Continued)

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.